UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR., <br><br> Petitioner, <br><br> v. <br><br> M. D. STAINER, <br><br> Respondent. | Case No.: 1:15-cv-01728-JLT <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1) <br><br> ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS <br><br> ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

In this action, Petitioner does not challenge either his conviction or sentence. Instead, he alleges that he has been "set up" by prison staff for assaults by inmates. (Doc. 1, p. 3). Because the allegations in the petition fail to invoke habeas jurisdiction, the Court recommends the matter be **DISMISSED**.

I.  DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a

prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner alleges that a female prison employee and other unnamed prison staff have conspired to enlist inmates to assault and attempt to kill Petitioner, and that Respondent has failed in his duty to protect Petitioner as required by the Eighth Amendment. (Doc. 1, p. 9). Petitioner also alludes to various other incidents in which prison staff have acted inappropriately, e.g., including making threats against Petitioner to discourage him from filing grievances against prison staff, selling contraband to inmates, providing weapons to inmates to injure Petitioner, and taking retaliatory action against Petitioner. (Doc. 1, pp. 10-17; 29).

Therefore, Petitioner is challenging the conditions of his confinement, not the fact or duration of his sentence. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence. This conclusion is supported by Petitioner himself, who, on the habeas form, indicated that he was challenging "jail or prison conditions." (Doc. 1, p. 1). Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the habeas corpus petition be **DISMISSED** for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 19, 2015**             **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE